ALVAREZ, F. DENNIS, Associate Judge,
concurring in part and dissenting in part.
I agree with the majority’s conclusion that the circuit court erred in dismissing the forfeiture petition on double jeopardy grounds. However, I would not foreclose the possibility that the value of forfeited property can be so disproportionate to the seriousness of an offense as to constitute additional “punishment.” I would permit Burgess, after remand, to present evidence on the question of disproportionality.
The most thorough discussion of this issue that I have found occurs in United States v. Certain Real Property and Premises Known as 38 Whalers Cove Drive, Babylon, N.Y., 954 F.2d 29 (2d Cir.1992), which involved the forfeiture of an entire condominium in response to two minor cocaine sales.[2] I believe it is appropriate to apply the Babylon analysis to forfeitures under Florida law.
Under Babylon 'the threshold question is whether substantia] use was made of the forfeited property in order to commit the crime, “so that the property itself can be said to be ‘culpable’ or an instrumentality of the crime.” 954 F.2d at 36. If so, there is no presumption of punitive motive on the part of the government.[3] If, however, the property is not an “instrumentality” the focus shifts, in a drug case, to the value of the forfeited property as contrasted with that of the drugs involved; the latter amount is described as “a rough measuring stick.” Id. Whenever the value of the property is overwhelmingly disproportionate, there then arises a rebuttable presumption that the forfeiture is punitive in nature.[4]
In the event such a showing is made, the burden then shifts to the government “to show that the forfeiture serves legitimate civil goals. The government may present its costs of investigation and detection, as well as other costs and damages attributable to the criminal misconduct of the [defendant].” 954 F.2d at 37. These costs are not limited to the expense of prosecuting the individual defendant, but may include a “reasonable allocation of more generalized enforcement costs.” Id. However, the government may not “plac[e] full responsibility for the ‘war on drugs’ on the shoulders of every individual [defendant],” particularly where “the individual [defendant’s] violations are relatively minor.” Id. Following the government’s accounting, the trial court must then determine whether “the sanction is entirely assignable to civil purposes or whether part or all of the sanction is designed to serve punitive purposes.” Id. If the government has not satisfied its burden of proof, a double jeopardy problem may exist.[5]
In the present case the circuit court’s order does not address the question of dis-proportionality, and it does not appear that Burgess attempted the threshold showing of disproportionate effect required by the three-prong Babylon test for double jeop *1181 ardy.[6] Accordingly, I concur in holding that the circuit court erred in requiring the city to present proof of actual loss incurred and in denying its petition for forfeiture for want of such proof. I dissent to the extent the majority holds that forfeiture cannot, even in extreme cases, represent a punitive rather than remedial measure and thereby trigger constitutional safeguards against double jeopardy.

. Of course, the Halper/Babylon analysis applies only when the multiple sanctions of criminal punishment and civil forfeiture do not occur in a single proceeding. 954 F.2d at 34 n. 1.

. The Halper/Babylon inquiry also need not occur if the object of the forfeiture is to remove an instrumentality of crime from circulation, e.g., narcotics, illegal firearms, or other items of contraband.

. No precise formula for determining dispro-portionality was advanced in Babylon, wherein the value of the condominium was roughly 300 times that of the drugs. However, the court did find the forfeiture "overwhelmingly disproportionate compared to the value of the relevant drug transactions." 954 F.2d at 37.

.Although the court in Babylon agreed that the forfeiture was disproportionately severe, and thus arguably punitive, it found no double jeopardy violation because of the “dual sovereignty” doctrine. See Heath v. Alabama, 474 U.S. 82, 106 S.Ct. 433, 88 L.Ed.2d 387 (1985). The defendant's criminal conduct had been prosecuted in state court, whereas the forfeiture was instituted in federal court. A similar argument is attempted in the present case, which involves state criminal charges and forfeiture proceedings initiated by a municipal government. However, because local governments receive their ordinance authority from the states, they are not considered separate sovereigns for double jeopardy purposes. Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970).

. The Babylon test can be rephrased as follows: (1) Was the forfeited property an "instrumentality" of the offense for which the defendant was charged or convicted? If not, (2) Is the value of the property grossly disproportionate to the value of contraband involved, or to the degree of harm wrought by the offense? If so, (3) Has the government demonstrated that its costs are roughly equivalent to the value of the property?
The "degree of harm” concept also suggests that, in extreme circumstances, a forfeiture could constitute “cruel and unusual punishment" or an "excessive fine” as proscribed by the Eighth Amendment. Such an argument was made — and quite thoroughly rejected — in Babylon, 954 F.2d at 38-39.